IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTINA B., | ) |
|     Plaintiff, | ) No. 22 C 354 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Cristina B. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On December 19, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 45-95.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the application date of December 19, 2019. (R. 78.) At step two, the ALJ found that plaintiff has the severe impairments of obesity, mood disorder, and posttraumatic stress disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform a full range of work at all exertional levels with certain non-exertional exceptions. (R. 81, 94.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 94-95.)

2

Plaintiff argues that the ALJ improperly discounted her subjective symptom allegations because she had periodic lapses in medication compliance. Plaintiff says such lapses can be a symptom of mental illness, a fact the ALJ should have considered. Though the ALJ noted that plaintiff's symptoms were worse when she was medication noncompliant, she concluded that, despite the lapses and regardless of their cause, plaintiff's symptoms were generally "responsive to psychotherapy and psychiatric medications." (R. 90.) Thus, contrary to plaintiff's assertion, the ALJ did not use plaintiff's medication lapses to discount her symptom allegations.

Plaintiff also contends that the ALJ gave more weight to "normal" findings than "dire" ones in order to reject plaintiff's symptom allegations. (ECF 14 at 9.) What the ALJ said was:

> The mental status exam notes of the claimant's treating psychiatrist, Dr. Diego Marin, M.D., showed that there was some variation in the claimant's mood/affect and there was some variation of her thought content. At times her mood was sad, anxious, or irritable, but at other times, her mood was okay. At times her affect was restricted, or her affect was labile, but on most encounters, her affect was in a full range. At times her thought content showed some paranoid delusions, or she had paranoid obsessive thoughts, but on most occasions, her thought content appeared normal. On one occasion, her speech was abnormal or pressured; however, on most occasions, her speech was okay. Throughout, her mental status exam findings showed that her attitude was cooperative. Her thought process was linear and goal directed. Her memory, attention, concentration and her insight and judgment were okay. Dr. Marin indicated in his notes that the claimant was able to complete her activities of daily living independently. On several occasions, he wrote that the claimant was psychiatrically stable.

(R. 90-91) (quotations omitted). In other words, the ALJ weighed the evidence about plaintiff's mood disorder, which is precisely what she was supposed to do. *See Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) (stating that "an ALJ's job is to weigh conflicting evidence").

Plaintiff also faults the ALJ for considering plaintiff's activities of daily living ("ADLs") in her symptom assessment because, "[a]n individual's ability to perform basic life activities does not translate into an ability to perform work related activities on a full time basis." (ECF 14 at 10.) But, as the above-quoted passage illustrates, the ALJ's symptom evaluation was not based solely

3

or even primarily on plaintiff's ADLs. Rather, plaintiff's ability to perform ADLs was just one of the factors that the ALJ considered in assessing plaintiff's symptom allegations. In short, the ALJ's consideration of plaintiff's ability to perform ADLs was not error.

Next, plaintiff contends that the ALJ failed to build a logical bridge between the evidence of her mental impairments and the RFC. The Court disagrees. The ALJ found that plaintiff has moderate limitations, *i.e.*, her functioning "independently, appropriately, effectively, and on a sustained basis is fair," https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Jan. 5, 2023), in the so-called paragraph B functional areas—understanding, remembering or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting and managing herself.[1] *Id.* The ALJ based those findings, in part, on the opinions of agency psychologists, Drs. Hudspeth and Jackson. (R. 79-80.) Those doctors opined that plaintiff is not significantly limited in her ability to carry out short, simple instructions or maintain attention and concentration for extended periods and she is moderately limited in her ability to carry out detailed instructions and work in coordination with or proximity to others without being distracted by them. (R. 50-51, 66-67.) The ALJ fashioned an RFC that accommodates these limitations by restricting plaintiff to "simple, routine, repetitive tasks . . . , simple work decisions," and "occasional interaction with supervisors, coworkers and the public." (*See* R. 79-81.) Because the RFC is supported by substantial evidence, it is not a basis for remand.

---

[1] To determine whether plaintiff's impairments met the listings for depressive, bipolar and related disorders or trauma- and stressor-related disorders, the ALJ had to decide whether the criteria set forth in paragraph B of those listings were met, *i.e.*, whether plaintiff had an extreme limitation of one, or a marked limitation of two, of the following: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Jan. 5, 2023).

Plaintiff further argues that the ALJ's assessment of the medical opinion evidence is flawed. Specifically, she says the ALJ improperly rejected the opinion of Ms. Agbayani, a psychological intern.[2] Ms. Agbayani said plaintiff's mental impairments markedly restrict her cognitive functioning, her interaction with others, her ability to sustain concentration and attention, and make her unable to function in a competitive work environment. (R. 423-24.) The ALJ said she was not persuaded by Ms. Agbayani's opinions because they were not supported by her treatment notes or by the findings of Dr. Marin, plaintiff's treating psychiatrist, and because plaintiff had not been admitted to the hospital because of her mental impairments. (R. 92.) The ALJ evaluated Ms. Agbayani's opinions in accordance with the regulations, which state that the most important factors in assessing the persuasiveness of a medical opinion is the extent to which the medical source's evidence supports her opinion and is consistent with evidence from other medical sources. 20 C.F.R. § 404.1520c(b)(2). Though the ALJ could have, and plaintiff believes she should have, assessed Ms. Agbayani's opinion differently, the ALJ's assessment is supported by substantial evidence, and thus is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision and terminates this case.

**SO ORDERED.**                                **ENTERED: January 9, 2023**

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Plaintiff also says the ALJ wrongly deemed "a 'non-opinion' to be a somewhat persuasive opinion" but does not identify the "non-opinion" she contests. (ECF 14 at 14.)